**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

MICHAEL GRECCO PRODUCTIONS, INC.,   :

                                   :

                  Plaintiff,         :         1:20-cv-01572 (LLS)

                                   :

                                   :

   - against -                   :

                                   :

                                   :

VERIZON MEDIA INC. *d/b/a*,        :
"YAHOO,"                        :

                Defendant.     :

-------------------------------------------------------------------X

## DEFENDANT OATH INC.'S ANSWER TO COMPLAINT

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Oath Holdings Inc. ("Defendant" or "Oath")[1], incorrectly sued herein as "VERIZON MEDIA INC d/b/a "YAHOO," by and through its undersigned counsel, hereby responds as follows to the Complaint in the above-captioned action.

Oath bases its responses to the allegations in the Complaint on actual knowledge of its own actions, and on information and belief with respect to all other matters. The numbered paragraphs herein correspond to the numbered paragraphs in the Complaint. Unless expressly admitted, all allegations in the Complaint are hereby denied.

---

[1] This Answer is provided solely on behalf of Oath Holdings Inc. None of the statements herein shall be binding upon Verizon Media Inc., and Verizon Media Inc. expressly waives all applicable defenses, including those pertaining to jurisdiction, due to Plaintiff's naming of the incorrect party in this action.

## JURISDICTION AND VENUE

1.          This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

**Answer:**

Oath admits the allegation that paragraph 1 of the Complaint purports to set forth an

action for infringement under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*  Oath denies the

other and remaining allegations of this paragraph, including any suggestion or implication that

Oath has committed any unlawful act or that Plaintiff Michael Grecco Productions, Inc.

("Plaintiff") is entitled to monetary or other relief.

2.          This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a)

and (b).

   **Answer:**

Oath admits the allegations contained in paragraph 2, but denies any wrongdoing

whatsoever and further denies that Plaintiff is entitled to any relief in this action.

3.          Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in

that this is the judicial district in which a substantial part of the acts and omissions giving rise to

the claims occurred.

   **Answer:**

Oath denies the allegations contained in paragraph 3, and denies any wrongdoing

whatsoever and further denies that Plaintiff is entitled to any relief in this action.

## PARTIES

4.          Plaintiff Michael Grecco Productions, Inc., d/b/a "Michael Grecco Photography",

is a California corporation organized and existing under the laws of the state of California with

its principal place of business in Los Angeles.  Plaintiff's principal, Michael Grecco, is an award-

winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4, and therefore denies the same.

5.      Plaintiff is informed and believes and thereon alleges that Defendant VERIZON MEDIA INC., individually, and doing business as "Yahoo" ("VERIZON MEDIA"), is a Delaware corporation organized and existing under the laws of the state of New York with its principal place of business at 770 Broadway, New York, NY 10003.

**Answer:**

Oath admits that Verizon Media Inc. is a Delaware corporation with its principal place of business at 770 Broadway, New York, NY 10003, but denies the allegation that Verizon Media Inc. is doing business as "Yahoo."

6.      Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

**Answer:**

Oath admits that the Complaint purports to sue "DOES 1 through 10" under fictitious names, which is improper under federal law.  Oath denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 6, and therefore denies the same.

3

7.      Plaintiff is informed and believes and thereon alleges that at all times relevant

hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-

ego, and/or employee of the remaining Defendants and was at all times acting within the scope

of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in

or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with

full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of

each and every violation of Plaintiff's rights and the damages proximately caused thereby.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph 7, and denies any wrongdoing whatsoever and further denies that

Plaintiff is entitled to any relief in this action.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 1

8.      Plaintiff owns an original photograph of Gillian Anderson and David Duchovny

("Subject Photograph 1") that was registered with the United States Copyright Office on January

22, 2017 with the Registration Number VA 2-030-741.  Plaintiff is the sole owner of the

exclusive rights to Subject Photograph 1.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in paragraph 8, and therefore denies the same.

9.      Plaintiff is informed and believes and thereon alleges that following its

publication and display of Subject Photograph 1, VERIZON MEDIA, DOE Defendants, and

each of them used Subject Photograph 1 without Plaintiff's authorization for commercial

purposes in various ways, including, but not limited to, the use on websites such as:

a)      https://www.yahoo.com/gma/actor-mitch-pileggi-confirms-role-x-files-

revival-135440604.html;

b)      https://www.yahoo.com/news/actor-mitch-pileggi-confirms-role-x-files-

revival-135440604.html;

c)      https://www.yahoo.com/gma/x-files-series-premiere-comic-con-

112820570.html; and

d)      https://www.yahoo.com/news/x-files-series-premiere-comic-con-

112820570.html.

**Answer:**

Oath denies the allegations in paragraph 9.

10.     An image of Subject Photograph 1 and screen captures of Defendant's website

with Subject Photograph 1 embedded are set forth hereinbelow:

**Answer:**

Oath admits that paragraph 10 contains four screen shots that Plaintiff identifies as

containing Subject Photograph 1, and that the URLs identified on such screenshots appear to

match those stated in paragraph 9, but denies any remaining allegations in paragraph 10.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH 2

11.     Plaintiff owns an original photograph of Gillian Anderson and David Duchovny

("Subject Photograph 2") that was registered with the United States Copyright Office on January

22, 2017 with the Registration Number VA 2-030-741. Plaintiff is the sole owner of the

exclusive rights to Subject Photograph 2.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11, and therefore denies the same.

12.     Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 2, VERIZON MEDIA, DOE Defendants, and each of them used Subject Photograph 2 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.yahoo.com/entertainment/10-years-david-duchovny-loving 191120387.html.

**Answer:**

Oath denies the allegations in paragraph 12.

13.     An image of Subject Photograph 2 and a screen capture of Defendant's website with Subject Photograph 2 embedded are set forth herein below:

**Answer:**

Oath admits that paragraph 13 contains a screen shot that Plaintiff identifies as containing Subject Photograph 2, and that the URL identified in the screenshot appears to match the one stated in paragraph 12, but denies any remaining allegations in paragraph 13.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH 3

14.     Plaintiff owns an original photograph of Gillian Anderson and David Duchovny ("Subject Photograph 3") that was registered with the United States Copyright Office on September 8, 2003 with the Registration Number VA 1-232-596.  Plaintiff is the sole owner of the exclusive rights to Subject Photograph 3.

**Answer:**

Oath denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14, and therefore denies the same.

15.     Plaintiff is informed and believes and thereon alleges that following its publication and display of Subject Photograph 3, VERIZON MEDIA, DOE Defendants, and each of them used Subject Photograph 3 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as:

a)      https://news.yahoo.com/50-best-tv-shows-streaming-154510994.html; and

b)      https://www.yahoo.com/lifestyle/10-s%C3%A9ries-gringas-que-fizeram-153637559/photo-arquivo-x-1468256724440.html.

**Answer:**

Oath denies the allegations in paragraph 15.

16.     An image of Subject Photograph 3 and screen captures of Defendant's website with Subject Photograph 3 embedded are set forth herein below:

**Answer:**

Oath admits that paragraph 16 contains two screen shots that Plaintiff identifies as containing Subject Photograph 3, and denies knowledge or information sufficient to admit or deny the remainder of the allegations in paragraph 16, but denies any remaining allegations in paragraph 16.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement – Against All Defendants, and Each)

17.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1-16 of the Complaint as though set forth fully herein.

18.     Defendants, and each of them, had access to Subject Photograph 1, Subject Photograph 2, and Subject Photograph 3 (collectively, the "Subject Photographs"), including, without limitation, through viewing the Subject Photographs on the World Wide Web.

**Answer:**

Oath denies the allegations in paragraph 18.

19.     Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photographs to the public, including without limitation, the websites listed above, without Plaintiff's authorization or consent.

**Answer:**

Oath denies the allegations in paragraph 19.

20.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 20.

21.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 21.

22.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of

them, have committed acts of copyright infringement, as alleged above, which were willful,

intentional and malicious, which further subjects Defendants, and each of them, to liability for

statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred

fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law,

Plaintiff will make its election between actual damages and statutory damages.

**Answer:**

Oath denies the allegations in paragraph 22.

## SECOND CLAIM FOR RELIEF
**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

23.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this

Complaint as if fully set forth herein.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1 through 22 of the Complaint

as though set forth fully herein.

24.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly

induced, participated in, aided and abetted in and profited from the illegal reproduction and

distribution of the Subject Photographs as alleged herein. Such conduct included, without

limitation, publishing the Subject Photographs obtained from third parties that Defendants knew,

or should have known, were not authorized to publish the Subject Photographs.

**Answer:**

Oath denies the allegations in paragraph 24.

9

25.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website posts that incorporated the unauthorized copies of the Subject Photographs, and were able to supervise the publication of said posts.

**Answer:**

Oath denies the allegations in paragraph 25.

26.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 26.

27.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photographs, in an amount to be established at trial.

**Answer:**

Oath denies the allegations in paragraph 27.

28.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

**Answer:**

Oath denies the allegations in paragraph 28.

**THIRD CLAIM FOR RELIEF**
**(Violation of 17 U.S.C. § 1202 - Against All Defendants, and Each)**

29.     Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

**Answer:**

Oath repeats its responses to the allegations in paragraphs 1 through 28 of the Complaint as though set forth fully herein.

30.     Defendants, and each of them, have removed Plaintiff's copyright management information from the Subject Photographs, and/or added false copyright management information to the Subject Photographs, before publishing same.

**Answer:**

Oath denies the allegations in paragraph 30.

31.     Specifically, Defendants published the Subject Photographs under the name "YAHOO" with credits to its writer(s) and to the X-files television show.

**Answer:**

Oath denies the allegations in paragraph 31.

32.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

**Answer:**

Paragraph 32 contains a legal conclusion, to which no response is required.  To the extent one is required, Oath denies the allegations in paragraph 32.

33.     When Defendants published the Subject Photographs, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a).

**Answer:**

Oath denies the allegations in paragraph 33.

34.     As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, or statutory damages, under the Digital Millennium Copyright Act.

**Answer:**

Oath denies the allegations in paragraph 34.

<h3 style="text-align:center">FIRST AFFIRMATIVE DEFENSE</h3>

The Complaint fails to state a claim upon which relief can be granted.

<h3 style="text-align:center">SECOND AFFIRMATIVE DEFENSE</h3>

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, because Plaintiff suffered no damages directly or proximately caused by any act or omission alleged in the Complaint.

<h3 style="text-align:center">THIRD AFFIRMATIVE DEFENSE</h3>

To the extent, if any, that Oath's use of the Photograph was unauthorized, Oath's acts were innocent, in good faith, and non-willful, as Oath was not aware and had no reason to believe that its acts were unauthorized.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's use of the photograph-at-issue constituted fair use under Section 107 of the

U.S. Copyright Act, 17 U.S.C. § 107.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate

damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought in the Complaint because it is not entitled to

statutory damages or attorneys' fees.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by express waiver due to prior settlement and release

between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by

virtue of the doctrine of implied waiver, consent, acquiescence, or license.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part,

because Plaintiff's alleged copyrights are invalid or unenforceable.

## TENTH AFFIRMATIVE DEFENSE

The Complaint involves actions and speech that are protected by the First Amendment of

the U.S. Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to join indispensable parties.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Oath's conduct was in good

faith and with non-willful intent at all times.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the damages sought are unconstitutionally excessive

and disproportionate to any actual damages that may have been sustained in violation of the Due

Process clause.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by

virtue of the doctrine of laches and/or equitable estoppel.

Oath reserves the right to assert any additional defenses that may become relevant or

apparent following discovery or otherwise during the course of this litigation.

WHEREFORE, Oath demands judgment:

(1) Dismissing the Complaint (including, without limitation, the entirety of the

Complaint's Prayer for Relief subparagraphs a-i thereof), in its entirety, with prejudice;

(2) Awarding Oath its costs and disbursements in this action, and such other and further

relief as the Court deems just and proper.

Dated: New York, New York
        April 20, 2020

14

Respectfully Submitted,

HUNTON ANDREWS KURTH LLP


By: */s/ Jennifer L. Bloom*

    Jonathan D. Reichman
    Jennifer L. Bloom
    200 Park Avenue
    New York, New York 10166
    (212) 309-1000
    jreichman@huntonak.com
    jbloom@huntonak.com

    *Attorneys for Defendant*
    *Oath Holdings Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities.


By: */s/ Jennifer L. Bloom*

15

121271.0000018 EMF_US 79903848v3